IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
TAMPA DIVISION

| | |
|---|---|
| DAVID E. WAYS )<br><br>Plaintiff, )<br><br>v. )<br><br>IAIN S. ROACHE, CHARLES MELVIN, )<br>ABRAXAS PARTNERS, LLP, DOMAIN )<br>CAPITAL, LLP, FAMOUS FOUR MEDIA )<br>LIMITED, and DOMAIN VENTURE )<br>PARTNERS PCC LIMITED, )<br><br>Defendant(s). | Civil Action No.: |

---

## NOTICE OF REMOVAL

---

The defendants Iain S. Roache ("Roache"), Charles Melvin ("Melvin"), Famous Four Media Limited ("Famous Four"), and Domain Venture Partners PCC Limited ("Domain Venture") (collectively, "Defendants")[1], by counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, give notice of the removal of this action from the Circuit Court for the Twelfth Judicial Circuit in Manatee County, Florida, to the United States District Court, Middle District of Florida, Tampa Division. In support, Defendants state as follows:

---

[1] On information and belief, Abraxas Partners, LLP and Domain Capital, LLP are non-existent entities.

1445327 v1

# I. <u>INTRODUCTION</u>

1.      On or about August, 22, 2012, David E. Ways ("Plaintiff") commenced this action by filing a complaint against Defendants in the Circuit Court for the Twelfth Judicial Circuit in Manatee County, Florida, Case No. 12CA05622 (the "Complaint"). The Circuit Court for Manatee County, Florida is a state court within this judicial district and division. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as **<u>Exhibit A</u>** in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02. There are no other process, pleadings, or orders served upon Defendants to date in this case.

2.      This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3.      Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a) as the United States District Court has original jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 28 U.S.C. §§ 1332 (diversity jurisdiction).

## II. <u>FEDERAL QUESTION JURISDICTION</u>

4.      This case is properly removable pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1445327 v1

5.     Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.     In Count V, Plaintiff's Complaint alleges a violation of 18 U.S.C. §§ 1961-1968 ("Civil RICO").

7.     Plaintiff seeks damages arising from the alleged violation of the provisions of Civil RICO as defined in 18 U.S.C. § 1961, and based on an alleged engagement in wire fraud (section 1343) and alleged financial institution fraud (section 1344). *See* Complaint at ¶57-61.[2] As a result, removal is proper. *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000) (finding that "federal-question jurisdiction is available here because...a violation of the federal mail and wire fraud statutes is an essential element of the Plaintiffs' cause of action, the proof of which involves resolution of a substantial, disputed question of federal law").[3]

8.     Because Plaintiff has asserted a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331.

### III. DIVERSITY JURISDICTION

9.     This case is also properly removable pursuant to 28 U.S.C. § 1332, which provides that this Court has "original jurisdiction of all civil actions where the matter in

---

[2] References to "¶" are to the Complaint.

[3] Plaintiff cites *Tafflin v. Levitt*, 493 U.S. 455 (1990), alleging the state court has original and concurrent jurisdiction over all Civil RICO actions. However, in *Tafflin*, the plaintiff did not raise any claims for wire or federal institution fraud, as Plaintiff did in this matter. Accordingly, removal is proper as explained in *Ayres*.

1445327 v1

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(2) citizens of a State and citizens or subjects of a foreign State ." 28 U.S.C. § 1332.

10.     Pursuant to 28 U.S.C. § 1332(a), if the claim is for more than $75,000 and complete diversity of the parties exists, then diversity jurisdiction exists.

11.     Here, there is no dispute that there is complete diversity between the parties. Plaintiff is a citizen of the State of Florida. *See* Complaint, ¶ 3. Defendant Roache is a resident of the country of Spain. *Id.* at ¶ 4. Defendant Melvin is a resident of the country of Gibraltar. *Id.* at ¶ 5. Both Famous Four and Domain Venture were established under the laws of Gibraltar. *Id.* at ¶¶ 8-9. Accordingly, there is complete diversity between the parties. *See Phillips v. Stryker Corp.*, 2011 WL 4738152, at *1 (S.D. Fla. 2011) ("Diversity jurisdiction...requires complete diversity—every plaintiff must be diverse from every defendant"); §1332(a).

12.     In addition, according to ¶ 25 of the Complaint, Plaintiff alleges, "As of January, 2011 the total amount wired to ROACHE and the RICO Enterprises as a result of ROACHE's fraudulent statements was approximately $122,395.64. Mr. Ways has subsequently demanded return of these funds, which ROACHE and the RICO ENTERPRISES have refused." (*See* Complaint, Ex. A, ¶¶ 25, 29). Thus, it is clear from the face of the Complaint that Plaintiff is in fact seeking damages in excess of $75,000.

13.     Because Plaintiff is seeking damages in excess of $75,000 and complete diversity of the parties exists, the requirements for diversity jurisdiction have been met.

14.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, including, but

4

not limited to, the defenses granted in Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

15.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391.

16.     Defendants reserve the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

17.     Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same with the clerk of the Circuit Court for the Twelfth Judicial Circuit in Manatee County, Florida.  Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

WHEREFORE, Defendants request that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for the Twelfth Judicial Circuit in Manatee County, Florida, to the United States District Court, Middle District of Florida, Tampa Division.

[Signature on next page]

1445327 v1

Respectfully submitted,

*[signature: Daniel P. Dietrich]*

BURR & FORMAN LLP
William J. Schifino, Jr.
Florida Bar No. 564338
Email: wschifino@burr.com
Daniel P. Dietrich
Florida Bar No. 934461
Email: ddietrich@burr.com
Alexandra Haddad
Florida Bar No. 98524
Email: ahaddad@burr.com
One Tampa City Center
201 North Franklin Street
Suite 3200
Tampa, Florida 33602
Telephone: (813) 221-2626
Facsimile: (813) 221-7335

**Attorneys for Defendants Iain S. Roache,
Charles Melvin, Famous Four Media Limited,
and Domain Venture Partners PCC Limited.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2012, a true and correct copy was furnished via U.S.

Mail and electronic mail to Mr. Joseph M. Herbert, Esq., Icard, Merrill, Cullis, Timm, Furen &

Ginsburg, P.A., 2033 Main Street, Suite 600, Sarasota, FL 34237, jherbert@icardmerrill.com.

/s/ *[signature: Daniel P. Dietrich]*

Daniel P. Dietrich, Esq.