UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DAVID E. WAYS,

      Plaintiff,

v.                                                   CASE NO:  8:12-cv-2404-T-26TGW

IAIN S. ROACHE, CHARLES MELVIN,
ABRAXAS PARTNERS, LLP, DOMAIN
CAPITAL, LLP, FAMOUS FOUR MEDIA
LIMITED, and DOMAIN VENTURE
PARTNERS PCC LIMITED,

      Defendants.
_____/


**O R D E R**

      **THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Complaint and Supporting Memorandum of Law with exhibits (Dkt. 10) and Plaintiff's Response with exhibits (Dkt. 16) and supporting Affidavit with exhibits (Dkt. 17).

      Plaintiff filed a five-count complaint in this action for breach of contract, deceptive and unfair trade practices, fraud in the inducement, civil conspiracy, and civil RICO (18 U.S.C. §§ 1961-1968).  He alleges that he was a victim of a potentially wide-scale international scheme to defraud investors perpetrated by Defendants which deprived him of thousands of dollars, lost opportunities, and contractual promises made by Defendants in furtherance of that scheme.  Defendants removed the action from the

Twelfth Judicial Circuit Court in Sarasota County, Florida, on the basis of federal question jurisdiction and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Defendants now seek dismissal of the complaint on four grounds: (1) insufficiency of personal service pursuant to Rule 12(b)(5), Federal Rules of Civil Procedure; (2) lack of personal jurisdiction pursuant to Rule 12(b)(2); (3) failure to meet the heightened pleading standards for pleading fraud with sufficient particularity under Rule 9, Federal Rules of Civil Procedure; and (4) the need for a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure.

To the extent that Defendants move to dismiss the complaint pursuant to Rule 12(b)(5) for insufficient service of process, the motion will be treated as one to quash service. Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of process must be satisfied. See Prewitt Enterprises, Inc. v. OPEC, 353 F.3d 916, 921 (11th Cir. 2003). All Defendants in this action either reside in, or were established under, the laws of Gibraltar and, thus, Rule 4(f), Federal Rules of Civil Procedure, governs service of these Defendants. Rule 4(f) provides six methods of serving foreign defendants, only two of which are relevant here, Rules 4(f)(1) and 4(f)(2)(A). Regardless of how service is completed, "[a] Plaintiff has the burden of sustaining the validity of service to invoke long-arm jurisdiction in the Florida courts." Polski Linie Oceaniczne v. Seasafe Transport A/S, 795 F.2d 968, 972 (11th Cir. 1986).

Plaintiff failed to properly serve Defendants by utilizing a method of service described in Rule4(f)(1) or Rule 4(f)(2)(A).

Rule 4(f)(1) provides for service of a foreign defendant as authorized by the Hague Convention, a treaty that provides a simplified way "to serve process abroad, to assure that defendants sued in foreign jurisdictions receive actual and timely notice of suit, and to facilitate proof of that service abroad." See Volkswagenwerk Aktiengessellschaft v. Schlunk, 468 U.S. 694, 698 (1988). It is undisputed that the United States and Gibraltar are members of the Hague Convention. The principal method for service under the Hague Convention is through the Central Authority designated by the contracting States under Article 2 of the treaty. Julien v. Williams, 2010 WL 5174535, at *1 (M.D. Fla. 2010). Compliance with the Hague Convention is mandatory in all cases to which it applies. Volkswagenwerk, 486 U.S. at 705. Plaintiff does not dispute that he did not serve Defendants through a designated Central Authority for Gibraltar and, therefore, they were not properly served by the method described in Rule 4(f)(1).

Rule 4(f)(2)(A) provides that if there is no internationally agreed means, or if the international agreement allows, but does not specify, other methods of service, then a plaintiff can serve a foreign defendant "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Plaintiff contends that Defendants were properly served with process by registered mail that was signed by their purported registered agent, the law firm of Triay & Triay at 28 Irish Town,

Gibraltar.  (See Dkt. 10, Exs. C & D.)  He urges that service by mail is an acceptable means of service under the laws governing Gibraltar, citing the United States Department of State Bureau of Consular Affairs (see Dkt. 16, Exs. A & B).  There is disagreement, however, among the courts around the country regarding whether Article 10(a) authorizes service by mail (as opposed to simply not forbidding service by mail) and whether Article 10(a) applies to all judicial documents (as opposed to just the mailing of documents after the initial service of process).  Julien, 2010 WL 5174535, at *2; TracFone Wireless, Inc. v. Bequator Corp., Ltd., 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010).  Plaintiff even acknowledges the disagreement among the federal courts.  (See Dkt. 16, p. 5.)

However, even if service by mail were permitted in this instance, Plaintiff is unable to satisfy his burden under Rule 4 to sustain validity of service and invoke long-arm jurisdiction in the Florida courts.  Polski, 795 F.2d at 972.  Defendants were not personally served with summons and the complaint in this matter.  (See Roache Declaration, ¶¶ 4, 16; Melvin Declaration, ¶4.)  Plaintiff fails to provide a delivery receipt signed by Defendants, nor have Defendants ever signed a receipt acknowledging delivery of the summons or the complaint in this matter.  (See Roache Declaration, ¶¶ 5, 17; Melvin Declaration, ¶ 7.)  The location at which service was made, namely Triay & Triay at 28 Irish Town, Gibraltar, is not the address of Defendant Roache, Defendant Melvin or Defendant Domain Venture's registered office.  (See Roache Declaration, ¶¶ 5, 18; Melvin Declaration, ¶ 7.)  Triay & Triay has never been Defendants' registered agent nor

have Defendants ever given Triay & Triay authorization to accept any documents on their behalf, to include a summons and complaint. (See Roache Declaration, ¶¶ 5, 18; Melvin Declaration, ¶ 7.) In addition, Defendants assert that only the summons was served, not the complaint.

Rule 4(1)(2)(B) provides that when serving a foreign defendant under Rule (f)(2), proof of service consists of "a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." As detailed above, Defendants sufficiently demonstrate Plaintiff's failure to comply with Rules 4(f)(1) and 4(f)(2)(a) and, thus, the service in this case is due to be quashed. Polski, 795 F.2d at 972 (affirming district court's granting of motion to dismiss when defendant made a *prima facie* showing through affidavit that the entity was not its agent at the time of service). Plaintiff will, however, be afforded an opportunity to effect proper service. See 61A Am. Jur. 2d Pleading § 521; see also Thomas v. New Leaders for New Schools, 278 F.R.D. 347, 352 (E.D. La. 2011) (citing 5B Charles Alan Wright & Arthur B. Miller, Federal Practice and Procedure § 1354 (3d ed. 2004) (holding that "where there is a 'reasonable prospect that plaintiff will ultimately be able to serve defendant properly,' the proper course of action is to quash service and permit a plaintiff another opportunity to complete service rather than dismiss the case").

Plaintiff will be required to effect service on Defendants using the principal method of service under the Hague Convention through the designated Central Authority

for the State of Gibraltar that receives requests for service from other contracting States and then serves those documents. Plaintiff shall use due diligence in making service on Defendants in order to avoid a subsequent dismissal of this case without prejudice. See Lozano v. Bosdet, 694 F.3d 485, 489 (5th Cir. 2012). In that vein, Plaintiff will be required to provide the Court with a status report stating its efforts to effect service of process within 90 days, should it not be able to file proof of service on Defendants in that time frame. Because the Court may not exercise jurisdiction over Defendants prior to satisfaction of the procedural requirement of service of process, there is no need for the Court to reach Defendants' additional arguments for dismissal of this action at this time. Defendants will be able to respond to the complaint in accordance with Rule 12, Federal Rules of Civil Procedure, once they are properly served with the summons and complaint.

**ACCORDINGLY**, it is **ORDERED and ADJUDGED**:

1. Defendants' Motion to Dismiss Complaint (Dkt. 10) is granted to the extent that it seeks to quash service of process in this case. Defendants were not properly served and thus, service of process is quashed.

2. Defendants' Motion to Dismiss Complaint is denied without prejudice in all other respects.

3. Plaintiff is directed to effect service of process on Defendants using the principal method of service under the Hague Convention through the designated Central Authority for the State of Gibraltar. Plaintiff is further directed to use due diligence in

making service on Defendants and to either file proof of service or a status report stating their efforts to achieve service within 90 days of this Order.

4. The Clerk is directed to administratively close this case pending service of process on Defendants, subject to being reopened once Plaintiff files proof of service of process on Defendants.

**DONE AND ORDERED** at Tampa, Florida, on December 10, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record