**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID E. WAYS, DANNY K. BRANDT, GARY WARNER, THOMAS TURNER, ANTONIO D'AMICO, and RALPH MYERS,

        Plaintiff,

v.

IAIN S. ROACHE, CHARLES MELVIN, ABRAXAS PARTNERS, LLP, DOMAIN CAPITAL, LLP, FAMOUS FOUR MEDIA LIMITED, and DOMAIN VENTURE PARTNERS PCC LIMITED,

        Defendants.
_____/

Civil Action No.: 8:12-cv-02404-RAL-TGW

**DOMAIN VENTURE PARTNERS PCC LIMITED'S ANSWER AND
DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Domain Venture Partners PCC Limited ("Domain Venture"), by its counsel, answers Plaintiffs David E. Ways, Danny K. Brandt, Gary Warner, Thomas Turner, Antonio D'Amico, and Ralph Myers' (collectively, "Plaintiffs") First Amended Complaint as follows:

**Jurisdiction and Venue**

1. Admitted for jurisdictional purposes only. Otherwise denied.

2. Denied.

3. Denied.

4. Denied.

1

5. Domain Venture lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

6. Domain Venture lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

7. Domain Venture lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

8. Domain Venture lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

9. Domain Venture lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

10. Domain Venture lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

11. Admitted that the defendant Iain S. Roache works in the country of Gibraltar. Otherwise denied.

12. Admitted.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted.

## General Allegations

17. Admitted.

18. Domain Venture lacks knowledge or information sufficient to form a belief as to whether the plaintiff David E. Ways contacted VeriSign, Inc. and whether Mr. Ways was given the name of Mr. Roache. Denied that Mr. Roache is a "funding source."

19. Denied.

20. Denied.

21. The contents of Exhibit "A" speak for themselves. Otherwise denied.

22. Admitted that Mr. Roache had a discussion with Mr. Ways regarding the contents of Exhibit "A" which is a consulting agreement. Otherwise denied.

23. Denied.

24. Denied.

25. Admitted that Mr. Roache sent an email to Mr. Ways regarding the Domain Capital, LLP fund. Otherwise denied.

26. Denied.

27. Admitted that the defendant Charles Melvin is admitted as a solicitor in England and Wales, and to the Bar of Gibraltar. Otherwise denied.

28. Denied.

29. Denied.

30. Admitted that Mr. Ways provided funds. Otherwise denied.

31. Domain Venture lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

32. Denied. Without admitting any liability, Mr. Ways has previously been offered payment of the money purportedly owed to him and the other Plaintiffs, in exchange for, among other things, retraction of certain defamatory statements.

## Count I – Breach of Contract

33. Domain Venture incorporates by reference its answers to paragraphs 1 through 32 as set forth above.

34. Admitted that Count I purports to be a claim for breach of contract. Otherwise denied.

35. The contents of paragraph 35 and subparts a-i are denied.

36. Denied.

37. Admitted that Mr. Ways provided funds. Otherwise denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

Domain Venture denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause.

## Count II – Deceptive and Unfair Trade Practices

42. Domain Venture incorporates by reference its answers to paragraphs 1 through 32 as set forth above.

43. Admitted that Count II purports to be a claim brought pursuant to the Florida Deceptive and Unfair Trade Practices Act. Otherwise denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

    48.    The cases cited speak for themselves. Otherwise denied.

    49.    Denied.

Domain Venture denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause.

### Count III – Fraud in the Inducement

    50.    Domain Venture incorporates by reference its answers to paragraphs 1 through 32 as set forth above.

    51.    The contents of this paragraph do not require a response.

    52.    Denied.

    53.    Denied.

    54.    Denied.

    55.    Denied.

    56.    Denied.

Domain Venture denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause.

### Count IV – Civil Conspiracy

    57.    Domain Venture incorporates by reference its answers to paragraphs 1 through 32 as set forth above.

    58.    Denied.

    59.    Denied.

    60.    Denied.

    61.    Denied.

62. Denied.

Domain Venture denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause.

### Count V – Civil RICO (18 U.S.C. §§ 1961-1968)

63. Domain Venture incorporates by reference its answers to paragraphs 1 - 32 and 58 - 62 as set forth above.

64. Admitted that Count V purports to be a claim for violation of 18 U.S.C. §§ 1961-1968.  Otherwise denied.

65. The case cited speaks for itself.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. The cited provision speaks for itself.  Otherwise denied.

Domain Venture denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause.

### GENERAL DENIAL

All allegations of the First Amended Complaint which are not specifically admitted are denied.

## DEFENSES

### FIRST DEFENSE
### (Failure to State a Cause of Action)

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted. By way of example, Domain Venture is not in a contractual relationship with any of the Plaintiffs. In fact, Domain Venture was established after the events as alleged in the First Amended Complaint took place. In addition, Plaintiffs fail to plead the counts based on fraud with the requisite particularity. For these same reasons, among others, Domain Venture cannot be held liable.

### SECOND DEFENSE
### (Bad Faith)

Plaintiffs' claims are barred because they acted in bad faith. By way of example, in paragraph 32 of the First Amended Complaint, the allegation states that "Mr. Ways has subsequently demanded return of these funds, which ROACHE and the RICO ENTERPRISES have refused." Mr. Ways has previously been offered payment of the money purportedly owed to him and the other Plaintiffs, in exchange for, among other things, retraction of certain defamatory statements.

### THIRD DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by unclean hands manifested by their failure to act in good faith. In addition, Plaintiffs are not entitled to any relief or recovery by reason of Plaintiffs coming into this Court with unclean hands and making material misrepresentations in the First Amended Complaint.

7

## FOURTH DEFENSE
### (Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel. By way of example, as evidenced by Exhibit "A" to the First Amended Complaint, the proposal was to invest in a consulting arrangement subject to further funding which would lead to an application to obtain the rights and administer the Top Level Domain, .bim. Plaintiffs are estopped from asserting that the proposal was anything different.

## FIFTH DEFENSE
### (No Basis in Law or Fact)

Plaintiffs' First Amended Complaint has no basis in law or fact.

## SIXTH DEFENSE
### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Domain Venture. By way of example, Domain Venture does not have any contacts with Florida, nor does it have any relationship, contractual or otherwise, with Plaintiffs. Domain Venture also does not have any connection with the events alleged in the First Amended Complaint.

## SEVENTH DEFENSE
### (Failure to Plead Fraud With Particularity)

Plaintiffs have failed to plead the counts based on fraud with the requisite particularity as required by, among others, Rule 9.

## EIGHTH DEFENSE
### (Improper Venue)

Venue is not proper in this Court.

### NINTH DEFENSE
### (Laches)

Plaintiffs' claims are barred by the Doctrine of Laches.

### TENTH DEFENSE
### (Failure to Mitigate)

Plaintiffs have failed to mitigate their purported damages.

### ELEVENTH DEFENSE
### (Waiver)

Plaintiffs' claims are barred by the Doctrine of Waiver.

### TWELFTH DEFENSE
### (Not A Proper Party)

Domain Venture is not a proper party in this matter.

Domain Venture reserves the right to add additional defenses as discovery in this matter proceeds.

Domain Venture incorporates any defenses raised by any of the other Defendants in this matter.

WHEREFORE, Defendant Domain Venture Partners PCC Limited requests that Plaintiffs' First Amended Complaint be dismissed with prejudice, in its entirety, and that Domain Venture be awarded the costs incurred in defending this lawsuit, as well as attorney's fees as provided by contract, statute or as a matter of equity, and any other relief that this Court deems appropriate.

### JURY DEMAND

Domain Venture demands a trial by jury on all issues for which a jury trial is permitted.

Dated: May 10, 2013.

        **BURR & FORMAN LLP**
        One Tampa City Center
        201 North Franklin Street, Suite 3200
        Tampa, Florida 33602
        Telephone:  (813) 221-2626
        Facsimile:   (813) 221-7335

        /s/ Daniel P. Dietrich
        William J. Schifino, Jr.
        Florida Bar Number 564338
        Email: wschifino@burr.com
        Daniel P. Dietrich
        Florida Bar Number 934461
        Email: ddietrich@burr.com
        Alexandra Haddad
        Florida Bar No. 98524
        Email: ahaddad@burr.com

        **Attorneys for the Defendant Domain Venture Partners PCC Limited**

## CERTIFICATE OF SERVICE

I CERTIFY that on May 10, 2013 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

        /s /Daniel P. Dietrich
        Daniel P. Dietrich